UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------
ARNALDO CABRERA,

                Petitioner,       **MEMORANDUM AND ORDER**

     - against -                12 Civ. 1325 (NRB)
                                       05 Crim. 1278 (NRB)

UNITED STATES OF AMERICA,

                Respondent.
-----------------------------------

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

     On February 22, 2012, Arnaldo Cabrera filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, challenging his conviction on one count of conspiracy to distribute five kilograms and more of cocaine, in violation of 21 U.S.C. §§ 846, 812, and 841, and one count of conspiracy to import five kilograms and more of cocaine, in violation of 21 U.S.C. §§ 952, 960(a)(1), 960(b)(1)(B) and 963. Cabrera's petition was based primarily on claims of ineffective assistance of counsel relating to the validity of his unconditional guilty plea. Mot. to Vacate Sentence By Person in Federal Custody Pursuant to 28 U.S.C. § 2255, ECF No. 1. The Court denied Cabrera's petition for the reasons set forth in its Memorandum and Order of August 23, 2013 (the "Order"), Cabrera v. United States, No. 05 CRIM. 1278 NRB, 2013 WL 4505191, at *3 (S.D.N.Y. Aug. 23, 2013), and in May 2014 the Second Circuit dismissed Cabrera's appeal "because [he] ha[d] not made a

1

substantial showing of the denial of a constitutional right."
Mandate, ECF No. 8 (internal quotation marks omitted).

On May 30, 2018, Cabrera filed the motion presently before this Court, seeking to set aside the Order pursuant to Rule 60(b) and (d) of the Federal Rules of Civil Procedure. ECF No. 10. Cabrera advances three arguments in support of his motion, each of which fall beyond the scope of Rule 60 and constitute naked attempts to circumvent the statutory restrictions on second or successive habeas petitions. First, Cabrera contends that the amount of time that elapsed between when he was arrested and when he first appeared before a judicial officer violated his right to a speedy presentment. This argument is plainly directed at the validity of Cabrera's underlying conviction, not the integrity of the prior habeas proceedings, and is thus not a proper basis for relief under Rule 60(b). Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004).

Second, Cabrera argues that the Court should reconsider the ineffective assistance of counsel arguments raised in his initial habeas petition on account of Lee v. United States, 137 S. Ct. 1958 (2017), which was decided after the Court issued the Order. But to the extent that Lee represents a subsequent change in substantive law – a tenuous proposition, for reasons persuasively explained in the Government's opposition, ECF No. 16 at 9–10 - the Supreme Court has held that such a challenge, "although labeled a

2

Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly." Gonzalez v. Crosby, 545 U.S. 524, 531 (2005).

Third, Cabrera claims that the Court's sentence "was based on the materially false assumption that Cabrera was extradited from the Dominican Republic," when in fact "the evidence indicates he [] waived extradition." ECF No. 10 at 18. Cabrera failed to raise this issue in his initial habeas petition, and "new claims for relief from [the underlying] judgment of conviction" can only be brought in a successive habeas motion. Gonzales, 545 U.S. at 531.

Even assuming that Cabrera's motion was a "true Rule 60(b) motion" pertaining to "some defect in the integrity of the federal habeas proceedings," the issues raised do not constitute the type of "extraordinary circumstances" required to reopen a final judgment under Rule 60(b)(6). Gonzales, 545 U.S. at 532. As the Supreme Court has acknowledged, "[s]uch circumstances will rarely occur in the habeas context." Id. at 536. Here, Cabrera pleaded guilty pursuant to a plea agreement, and has already been afforded several opportunities to litigate his claims concerning the waiver of speedy presentment. See United States v. Cabrera, No. 05 CR 1278 (NRB), 2008 WL 2803902, at *5 (S.D.N.Y. July 15, 2008) (denying Cabrera's motion to suppress post-arrest statements); United States v. Cabrera, 379 F. App'x 24, 26 (2d Cir. 2010) (holding that Cabrera waived the right to raise challenges

concerning the validity of his waiver of speedy presentment by entering an unconditional guilty plea); Cabrera, 2013 WL 4505191 (denying Cabrera's habeas petition, which raised ineffective assistance of counsel arguments related to his waiver of speedy presentment and right to appeal). The Supreme Court's decision in Lee does not alter our conclusion, as "a change in law alone is not enough" to show "extraordinary circumstances." Buck v. Davis, 137 S. Ct. 759, 786 (2017) (Thomas, J., dissenting) (citing Gonzalez, 545 U.S., at 536–537). Moreover, Cabrera's extradition (or waiver of extradition) was not a factor in the Court's determination of Cabrera's sentence and is not a valid basis for reopening judgment.[1]

Because Cabrera's motion attacks his underlying conviction, not the integrity of previous habeas proceedings, we deny his motion outright as beyond the scope of Rule 60. See Harris, 367 F.3d at 82. As Cabrera has failed to make a showing that "(1) jurists of reason would find it debatable whether the district court abused its discretion in denying his Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to

---

[1] Cabrera's motion also fails under Rule 60(d), as he has failed to "establish a recognized ground — such as fraud, accident, or mistake — for the equitable relief" requested, LinkCo, Inc. v. Naoyuki Akikusa, 367 F. App'x 180, 182 (2d Cir. 2010) (internal quotation marks and alterations omitted), and has further failed to demonstrate that the requested relief is necessary "to prevent a grave miscarriage of justice." United States v. Beggerly, 524 U.S. 38, 47 (1998) (internal quotation marks omitted).

4

support the 60(b) motion, states a valid claim of the denial of a constitutional right," Kellogg v. Strack, 269 F.3d 100 (2d Cir. 2001), the Court declines to issue a certificate of appealability. The Clerk of Court is respectfully directed to terminate the motion pending at docket entry number 10.

**SO ORDERED.**

Dated: New York, New York
August 19, 2019

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE