```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
UNITED STATES OF AMERICA,

          - against -                        MEMORANDUM AND ORDER

ARNALDO CABRERA,                             05 Cr. 1278-2 (NRB)

                    Defendant.
----------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Defendant Arnaldo Cabrera was originally sentenced following a guilty plea to 324 months' imprisonment for conspiracy to distribute cocaine, in violation of Title 21, United States Code, Sections 812, 841(a)(1), (b)(1)(A) and 846; and conspiracy to import cocaine into the United States, in violation of Title 21, United States Code, Sections 952, 960(a)(1), (b)(1)(B) and 963. That sentence was at the lowest end of the guidelines range. On May 1, 2020, the Court granted the defendant's motion for sentence reduction pursuant to Amendment 782 to the Sentencing Guidelines and thereby reduced the defendant's sentence to 262 months' imprisonment. Once again, the Court's sentence was at the bottom of the amended guidelines range. Defendant now moves pro se for compassionate release from FMC Devens, citing the unique risks posed by COVID-19 within the prison environment given his

underlying medical conditions.  See ECF No. 118.[1] [2]  For the following reasons, defendant's motion is denied.

Defendant seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which permits a court to "reduce a term of imprisonment" if, after considering the factors set forth in 18 U.S.C. § 3553(a), "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3553(c)(1)(A).  A court may reduce a defendant's sentence under Section 3582(c)(1)(A)(i) only "upon motion of the Director of the Bureau of Prisons" or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3553(c)(1)(A).  While defendant's motion for compassionate release is brought pro se and is therefore to "be construed liberally to raise the strongest arguments [it] suggest[s]," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 479 (2d Cir.

---

[1]  Defendant also requests his sentence be reduced to 262 months under the First Step Act.  That request is moot because the Court already granted the requested relief on May 1, 2020.  See ECF No. 114.

[2]  The Court is also in receipt of defendant's addendum to his motion dated July 6, 2020, see ECF Nos. 120 & 121, and his reply to the Government's opposition, which was received by the Court on July 22, 2020.  See ECF No. 122.

2006), defendant nevertheless bears the burden of demonstrating that his release is justified under Section 3582(c)(1)(A). See United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992).

Defendant proffers that he is suffering from a number of medical conditions, including chronic kidney disease stage IV, Type II diabetes and obesity, which he has substantiated by attaching a copy of the BOP medical report. Defendant then argues that, given his existing medical conditions, the enhanced risk posed by COVID-19 constitutes an "extraordinary and compelling reason" to release him. Although we do not dispute that COVID-19 would pose an enhanced risk to defendant due to his existing medical conditions, we nonetheless conclude that such a risk does not amount to an extraordinary and compelling reason that warrants release of defendant because he is currently incarcerated in FMC Devens, which is not a regular prison but a medical facility. Accordingly, the medical risks faced by Cabrera are significantly mitigated by his designation to a medical facility. The warden of FMC Devens stated, in denying defendant's request for compassionate release, that "FMC Devens is able to manage [defendant's] medical needs at this time." See ECF No. 118 at 4. Defendant has failed to establish a sufficient basis to doubt FMC

Devens' capability to address the risks posed by COVID-19 to defendant.[3]

Even if the risk posed by COVID-19 constituted an extraordinary and compelling reason, which it does not, the application of factors set forth in 18 U.S.C. § 3553(a) would still counsel strongly against release of defendant.[4]  Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." See 18 U.S.C. § 3553(a)(1), (a)(2)(A). Defendant led a narcotics conspiracy to smuggle 409 kilograms of cocaine into the United States through airport food service workers

---

[3] In his addendum to this motion, dated July 10, 2020, defendant cites Grinis v. Spaulding, No. 20 Civ. 10738, 2020 WL 2300313 (D. Mass. May 8, 2020) in support of his contention that COVID-19 is posing a serious threat within the FMC Devens. See ECF No. 120 at 6-7. Grinis was a class action brought by the FMC Devens inmates, seeking an order to release sufficient number of inmates from FMC Devens to ensure effective social distancing within it. 2020 WL 2300313, at *1. However, the court denied plaintiffs' motion for preliminary injunction on the ground that plaintiffs had failed to establish deliberate indifference to COVID-19 by the FMC Devens and the BOP. Id. at *3. In fact, the court noted extensive measures taken by the FMC Devens to address the risks posed by COVID-19. Id. The case was eventually dismissed without any conclusive factual finding. See 20 Civ. 10738 (D. Mass), ECF Nos. 62 & 63.
Defendant also claims that "42 inmates and 5 staff members at FMC Devens tested positive" to COVID-19. However, BOP online records indicates that, as of today, there are only 7 active cases in total (7 inmates and 0 staff member). See https://www.bop.gov/coronavirus/. This data significantly undermines the defendant's contention that COVID-19 is actively spreading within FMC Devens.

[4] "[A] court confronted with a compassionate release motion is still required to consider all the Section 3553(a) factors to the extent they are applicable, and may deny such a motion if, in its discretion, compassionate release is not warranted because Section 3553(a) factors override, in any particular case, what would otherwise be extraordinary and compelling circumstances." United States v. Gotti, No. 02 Cr. 743-07 (CM), 2020 WL 497987, at *2 (S.D.N.Y. Jan. 15, 2020).

4

and then to distribute it.  Following his arrest, defendant identified an innocent person as his co-conspirator.  After having posed as a cooperator and being released pretrial, defendant fled to the Dominican Republic.  Defendant pled guilty only after he had been rearrested in the Dominican Republic and transported back to the United States.  Under the circumstances, the consideration of factors set forth in Section 3553(a) would not warrant any further reduction of defendant's sentence.[5]

For the foregoing reasons, the Court denies defendant Cabrera's motion.  This Memorandum and Order resolves the ECF Docket Entry Nos. 118 & 120.

**SO ORDERED**


Dated:   New York, New York
         July 22, 2020

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

---

[5] Defendant also requests appointment of counsel, citing General Order 20-17.  The General Order 20-17, cited by defendant in support of this request, is inapposite because that Order was issued by the Chief Judge of the United States District Court for the District of Massachusetts with respect to the courts on that district.  Even if it applied, we would deny this request because this motion does not present any complicated factual or legal issue.

5

**Defendant (pro se)**
Arnaldo Cabrera


**A copy of the foregoing Order have been mailed to the following:**
Arnaldo Cabrera (#70315-054)
FMC Devens
P.O. Box 379
Ayer, MA 01432